UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> PETER MAHONEY, <br>     Defendants. | NO. CR-04-2127-RHW <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION,** *INTER ALIA* |

Before the Court are Defendant's Petition for Permission to Appeal Court's Order Denying Peter Mahoney's Motion to Dismiss Based on Treaty Violations Pursuant to Rules of Appellate Procedure 5 (Ct. Rec. 100) and Defendant's Motion for Reconsideration of Order Denying Peter Mahoney's Motion to Dismiss Based on Treaty Violations (Ct. Rec. 104). A hearing was held on November 21, 2005, in Spokane, Washington. Defendant was present, as was co-Defendant Peggy Mahoney; Mark Vovos appeared on their behalf. Assistant United States Attorney Jane Kirk appeared on behalf of the Government.

## BACKGROUND

A superseding indictment was filed against Defendants on January 12, 2005. The indictment alleges that Defendant, with co-Defendants Peggy Mahoney, Lyle W. Conway, Lyle S. Conway, and Mark Van't Hul, were engaged in a conspiracy to traffic in contraband cigarettes between Idaho and Washington, and did traffic in contraband cigarettes between Idaho and Washington, in violation of the Contraband Cigarette Trafficking Act, 18 U.S.C. §§ 371, 2342(a) & 2 ("CCTA"). The indictment also alleges that Defendant and his co-Defendants engaged in

ORDER DENYING MOTION FOR RECONSIDERATION, *INTER ALIA* * 1

money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956, 1957 & 2.

The Court denied Defendant Peter Mahoney's Motion to Dismiss Based on Treaty Rights (Ct. Rec. 96) in an order filed on September 16, 2005. The Court held that Judge Shea's holding in *United States v. Smiskin*, 2005 WL 1288001 (E.D. Wash. 2005), did not apply to Defendant because he is not a Yakama Tribal member, and its reasoning did not apply because, as a member of the Coeur d'Alene Tribe, Defendant did not have a ratified treaty or executive order that establishes a right to travel without restriction. The Court also rejected Defendant's theory of an implied right to travel and trade, holding that an actual express right must exist and Defendant's logic would negate the necessity of treaties and their construction entirely. The Court relied on the Ninth Circuit's holdings in *United States v. Baker*, 63 F.3d 1478 (9th Cir. 1995), and *United States v. Farris*, 624 F.2d 890 (9th Cir. 1980), that the CCTA is a law of general applicability and that these laws apply to Indians so long as they do not abrogate an *express* treaty right.

## DISCUSSION

**I.  Defendant's Petition for Permission to Appeal**

Defendant petitions the Court for permission to appeal its order denying his motion to dismiss based on treaty violations, pursuant to Rules of Appellate Procedure 5(a). He submits virtually the same arguments that he made for the motion as reasons to permit his appeal, and he asserts that Rule 5 allows this type of appeal. The Government maintains that Defendant's proposed appeal is time-barred and that, as an interlocutory appeal in a criminal matter, it does not fall within the Ninth Circuit's jurisdiction.

Rule of Appellate Procedure 5(a) outlines the procedure a party must follow when requesting a discretionary appeal with a circuit court. Subsection 1 requires the party to file a petition for permission to appeal with the circuit clerk. Fed. R.

ORDER DENYING MOTION FOR RECONSIDERATION, *INTER ALIA* \* 2

App. P. 5(a)(1). However, before this may occur in a case such as this one, the party must first ask the district court to enter an order granting permission to petition or stating that the necessary conditions to file an appeal are met. Fed. R. App. P. 5(a)(3). When the district court amends its order to grant the required permission or statement, the party's time to petition runs from entry of the amended order. *Id*.

Defendant submits that this rule governs his request, so he is not time-barred from appealing. He also argues that 28 U.S.C. § 1292, the rule governing the courts of appeals' jurisdiction over interlocutory appeals, does not apply here because Rule 5 "states nothing about the district court's requirement to comply within the constraints of 28 U.S.C. § 1292[;]" Rule 5 "does not have the necessary language to preclude the Defendant's petition for permission from being granted; [and] Rule 5 does not reference or cite as authority 28 U.S.C. § 1292." (Ct. Rec. 103, at 5).

The "absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties." *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2649 (2005). Therefore, jurisdiction is a threshold matter and a fundamental question before every court. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Courts of appeals have jurisdiction over all final decisions of district courts except where direct review may be had in the Supreme Court. 28 U.S.C. § 1291. Under § 1291, "a criminal case is generally not subject to appellate review 'until conviction and imposition of sentence.' Accordingly, denials of pretrial motions are not usually appealable." *United States v. Hickey*, 367 F.3d 888, 890 (9th Cir. 2004), *quoting Flanagan v. United States*, 465 U.S. 259, 263 (1984).

Here, the Court's order denying Defendant's pretrial motion to dismiss was not a final decision. Hence, § 1292 governs, and it grants courts of appeals only limited jurisdiction over interlocutory appeals in civil actions. 28 U.S.C. § 1292 (granting jurisdiction for review of orders concerning injunctions, the appointment

ORDER DENYING MOTION FOR RECONSIDERATION, *INTER ALIA* \* 3

or refusal to wind up receivers and receiverships, and in civil actions when the order involves "a controlling question of law as to which there is substantial ground for difference of opinion"). However, there is a limited, narrow exception to the finality rule: the collateral order doctrine.[1] *Hickey*, 367 F.3d at 890. The collateral order doctrine "allows an immediate appeal from an interlocutory order that 'conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment.'" *Id*. at 890-91, *quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

Defendant states that the collateral order doctrine and the limited circumstances under which an appellate court can review a pretrial order do not apply to him because he is asking permission to appeal instead of asserting an automatic right to appeal. Nevertheless, whether Defendant appeals with permission or by right, the court of appeals will not have jurisdiction to review his claim. Therefore, the Court denies this motion.

## II.    Defendant's Motion for Reconsideration

In the alternative, Defendant moves the Court to reconsider its order denying his motion to dismiss based on treaty rights. Under Federal Rule of Criminal Procedure 12(b)(2), a party may raise by pretrial motion any request the court can determine without a trial of the general issue, including motions to reconsider its previously-issued orders. "A motion to reconsider must demonstrate some valid reason why the Court should reconsider its prior decision, and it must set forth facts or law of a strongly convincing nature to induce the Court to reverse itself." *United States v. Walsh*, 873 F. Supp. 334, 337 (D. Ariz. 1994).

Defendant has not presented any new or convincing reasoning, facts, or law,

---

[1] Another exception to the finality rule exists for the Government only. The Government may lodge an interlocutory appeal in limited circumstances from an adverse order pursuant to 18 U.S.C. § 3731.

ORDER DENYING MOTION FOR RECONSIDERATION, *INTER ALIA* * 4

that the Court should grant his motion to reconsider. He restates his contention that Coeur d'Alene Tribal members have a right to travel freely, similar to that established in the Yakama Treaty of 1855, and this inherent right may not be abrogated by the CCTA. Defendant relies on 25 U.S.C. § 4301, which was enacted after the Ninth Circuit found that the CCTA was a law of general applicability in *Baker*. Section 4301 recognizes existing rights of Indians and Tribes to "trade freely," and among its stated purposes is the encouragement of "intertribal, regional, and international trade and business development . . . ." 25 U.S.C. § 4301(a)(4), (b)(5).

Even if the Court recognized that the Coeur d'Alene Tribe and Peter Mahoney had an express right to trade, either through § 4301 or through a treaty, the CCTA would still apply to Defendant. The Ninth Circuit in *Baker* held that "the CCTA is not an impermissible restriction on a trading right guaranteed by [a] Treaty . . . . [T]he CCTA does not restrict trading in cigarettes; it makes it a crime to fail to pay applicable state taxes on cigarettes subject to tax." *United States v. Baker*, 63 F.3d 1478, 1485 (9th Cir. 1995).

Judge Shea's holding in *Smiskin* was limited to the Yakama Tribe's Treaty right to travel without restrictions, and did not encompass or even address a right to trade. Defendant fails to put forward any new and/or compelling reasons to reconsider the Court's order denying his motion to dismiss, so his motion to reconsider is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Petition for Permission to Appeal Court's Order Denying Peter Mahoney's Motion to Dismiss Based on Treaty Violations Pursuant to Rules of Appellate Procedure 5 (Ct. Rec. 100) is **DENIED**.

2. Defendant's Motion for Reconsideration of Order Denying Peter Mahoney's Motion to Dismiss Based on Treaty Violations (Ct. Rec. 104) is **DENIED**.

ORDER DENYING MOTION FOR RECONSIDERATION, *INTER ALIA* \* 5

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 1st day of December 2005.

s/ ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2004\Mahoney\Mahoney.reconsider.deny.ord.wpd

ORDER DENYING MOTION FOR RECONSIDERATION, *INTER ALIA* \* 6