1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

UNITED STATES OF AMERICA,

8
            Plaintiff,

9
    v.

10
PETER MAHONEY,

11
            Defendant.

12

NO.  CR-04-2127-RHW
        CR-04-2128-RHW

**ORDER DENYING MOTION TO DISMISS INDICTMENT, *INTER ALIA***

13

       Before the Court are Defendant Peter Mahoney's Motion *in Limine* (Ct. Rec.

14
88, CR-04-2127-RHW), Supplemental Motion *in Limine* (Ct. Rec. 89), Motion by

15
Defendant Peter Mahoney to Request and Compel an Order Directing the

16
Government to Disclose *Brady/Giglio* Material, Specifically as to Pen Register

17
Information Obtained (Ct. Rec. 112), Supplemental Demand for Discovery (Ct.

18
Rec. 120), Motion by Peter Mahoney to Dismiss the Indictment for Governmental

19
Misconduct by Failure to Disclose Pen Register Information (Ct. Rec. 121),

20
Motion for Evidentiary Hearing (Ct. Rec. 123), and Motion to Expedite (Ct. Rec.

21
125).  Also before the Court is Defendant Peggy Mahoney's Motion for Joinder in

22
Defendant Peter Mahoney's Motion *in Limine* and Supplemental Motion *in Limine*

23
(Ct. Rec. 41, CR-04-2128-RHW).  A hearing was held on April 19, 2006, in

24
Spokane, Washington.  Defendant was present, as was co-Defendant Peggy

25
Mahoney; Mark Vovos appeared on their behalf.  Assistant United States Attorney

26
Jane Kirk appeared telephonically on behalf of the Government.

27
28

**ORDER DENYING MOTION TO DISMISS INDICTMENT,**
***INTER ALIA* * 1**

## BACKGROUND

A Second Superseding Indictment was filed against Defendants on December 13, 2005.  The Indictment alleges that Defendant, with co-Defendants Peggy Mahoney, Lyle W. Conway, Lyle S. Conway, and Mark Van't Hul, were engaged in a conspiracy to traffic in contraband cigarettes between Idaho and Washington, and did traffic in contraband cigarettes between Idaho and Washington, in violation of the Contraband Cigarette Trafficking Act, 18 U.S.C. §§ 371, 2342(a) & 2 ("CCTA").  The Indictment also alleges that Defendant and his co-Defendants engaged in money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956, 1957 & 2.

## DISCUSSION

### A.    Defendant's Motions *in Limine*

Before the Court are Defendant's Motion *in Limine* (Ct. Rec. 88) and Supplemental Motion *in Limine* (Ct. Rec. 89).  Defendant requests exclusion of various categories of evidence, including most significantly any reference to $1,432,200 in cash that was seized from Defendant's home.

Defendant's first motion lists thirty-two (32) categories of evidence: (1) uncharged alleged offenses; (2) alleged co-conspirators' statements made after the conspiracy has ended; (3) search warrants (items seized not relevant to the charges); (4) opinion evidence; (5) reference to criminal convictions; (6) plea-bargaining endeavors; (7) non-disclosed evidence intended to show motive, intent, plan or scheme (FRE 404(b)); (8) employment of attorney; (9) non-disclosed evidence in response to discovery requests; (10) filing of pretrial motions; (11) reference to drug usage; (12) characterizations of Defendant as sinister, dangerous, etc.; (13) "improper" evidence; (14) perjured testimony; (15) guilty pleas of co-conspirators; (16) questioning witnesses to characterize other testimony as "lies"; (17) denigration of defense counsel; (18) exploiting "prosecutorial prestige"; (19) cooperation agreements with witnesses (suggesting that the prosecutor knows what

**ORDER DENYING MOTION TO DISMISS INDICTMENT,**
*INTER ALIA* * 2

the truth is); (20) misrepresentation of the record; (21) commenting on the consequences of the jury's verdict; (22) possibility of mitigation; (23) using re-created documents that do not comport with completed originals; (24) introducing "secondary evidence"; (25) evidence in violation of FRE 1001-1004; (26) evidence in violation of FRE 901 et seq.; (27) evidence in violation of FRE 403 or 404(b); (28) evidence of documents or other tangible things not found or recovered belonging to Defendant; (29) testimony pertaining to speculation; (30) testimonial evidence in violation of *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004); (31) letters to the police or other officials that may accuse someone of wrong-doing; and (32) any reports, drug reports, or other reports made for the purpose of producing evidence for litigation.

All of these categories of evidence are general and appear to be covered by the Federal Rules of Evidence. Accordingly, the Court denies this motion with leave to renew in the context of trial.

Defendant's supplemental motion *in limine* is more specific and more substantive. He aims to limit any reference to $1,432,200 in cash discovered during a lawful search of Defendant's home. Defense counsel's reasoning to limit any reference is that the cash is not mentioned in the Indictment, not necessary to prove any of the charges, and any reference would be more prejudicial than probative. Fed. R. Evid. 403. He explains that the Government has not been able to link the cash to any of the present charges; they are all linked to receipts for bank account transactions. Defendant reasons that therefore, the cash is not relevant to this matter and unfairly prejudicial. Mention of the large amount of cash would raise a presumption of illegality in the jurors' minds even though it has "no connection to the present charges."

The Government responds that the cash discovered in the Mahoney's home is relevant in two ways: it shows that contraband cigarette trafficking transactions are often conducted in cash, and evidence of the currency is included in the

**ORDER DENYING MOTION TO DISMISS INDICTMENT,**
*INTER ALIA* * 3

1   forfeiture allegation.  The Government states that a witness will testify that Peter

2   and Peggy Mahoney received large sums of cash in addition to checks to pay for

3   contraband cigarettes.  As the record now stands, the Court shall grant Defendant's

4   motion to exclude reference to the cash found in Defendant's home, subject to the

5   Government's ability to establish its relevance before trial or at trial outside the

6   presence of the jury.  If the Government establishes relevance to the current

7   charges, then the Court will weigh the cash's prejudicial and probative value under

8   Fed. R. Evid. 403.

9          Additionally, Defendant requests the Government be limited to introducing

10  only evidence it seized from Mr. Mahoney.  The Government alleges Defendant

11  burned much of his own documentation before the Government could seize it.

12  Therefore, the Government may attempt to rely on copies of invoices kept by

13  customers and suppliers.  The Court denies this motion with leave to renew in the

14  context of trial.

15  **B.      Motion to Disclose *Brady/Giglio* Material**

16         Defendant Peter Mahoney requests an order directing the government to

17  disclose *Brady/Giglio* material as to pen register information recently disclosed.

18  Defendant states that he received a Report of Investigation ("ROI") on February

19  27, 2006, regarding the use of a pen register on Peter Mahoney's telephone/fax

20  line.  The ROI is dated May 21, 2004, and states that unauthorized pen register

21  information was inadvertently gathered after the expiration of the applicable court

22  order.  The ROI also indicates that the agents immediately sealed the information

23  obtained as directed by Assistant U.S. Attorney Jane Kirk once they realized it had

24  been illegally obtained.  Defendant complains that the sealed information has not

25  been provided to him, and that he has no way of knowing what impact the

26  information obtained has had on his case.  He states that the existence of this

27  information creates a question as to the accuracy of the agents' rendition of the

28  facts and likely lead to evidence that is inadmissible at trial.

**ORDER DENYING MOTION TO DISMISS INDICTMENT,**
***INTER ALIA* * 4**

In its response, the Government states that the pen register and trap and trace orders and data were provided to defense counsel and his investigator when they reviewed all evidence held by the Government at the Yakima office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATFE).  Agent Keller's ROI was inadvertently omitted from the case report, although it was included in the discovery provided in *United States v. Louie Mahoney, et al*, Case No. CR-05-2099-RHW.  Agent Keller and Assistant U.S. Attorney Kirk both state that none of the information obtained from the pen register and the trap and trace, either correctly during the warrant's term or incorrectly after it expired, will be used in the Government's case-in-chief, and it did not lead to any information related to the Indictment in this case.  Therefore, it appears all of the information except for that which is sealed was timely provided to the defense, and the Government is willing to provide the sealed information as well.  At the hearing, the Court delivered the sealed information to defense counsel.

The Government's provision of this information renders this motion moot.  Accordingly, it is denied.

**C.    Motion to Dismiss Indictment for Governmental Misconduct**

Defendant requests dismissal of the Indictment based on "outrageous" Government conduct.  He argues that the government's failure to provide him the sealed information and to make him aware there was a pen register and a trap and trace on his phone lines make the accuracy of the information presented to the Grand Jury in September 2004 questionable.  Defendant asserts that the sealed evidence and other pen register information could have, and likely did lead to evidence that is inadmissible at trial because it was obtained illegally.  Defendant also requests an evidentiary hearing once the evidence is disclosed to allow counsel "to appropriately address such evidence."

The defense of outrageous governmental conduct "applies only to conduct which is so grossly shocking and so outrageous as to violate the universal sense of

**ORDER DENYING MOTION TO DISMISS INDICTMENT,**
*INTER ALIA* * 5

justice." *United States v. Restrepo*, 930 F.2d 705, 712 (9th Cir. 1991) (internal quotation marks and citation omitted).  A court may dismiss an indictment because of outrageous government conduct on alternative grounds:  a violation of due process or the court's supervisory powers.  *Id.*  "To justify exercise of the court's supervisory powers, prosecutorial misconduct must (1) be flagrant and (2) cause substantial prejudice to the defendant."  *United States v. Ross*, 372 F.3d 1097, 1110 (9th Cir. 2004).  Defendant argues the due process ground applies here because his rights under *Brady* to exculpatory evidence were violated.

The Government asserts that Defendant, his attorney, and his investigator had access to the properly obtained pen register and trap and trace records on August 29, 2005, but they did not request copies of that information.  The Government also maintains that none of the properly obtained information led to any information related to the pending Indictment, and that the improperly obtained data was not reviewed or utilized in any manner during the investigation.

A trap and trace device records the originating numbers of incoming telephone calls, and a pen register records the numbers dialed from a telephone.  *United States v. Carneiro*, 861 F.2d 1171, 1173 n.2 (9th Cir. 1988).  Therefore, the information "withheld" from Defendant consists of telephone numbers dialed to and from Peter Mahoney's telephone.  The Government submits that this information was not unknown or unknowable to Defendant, and suggests that if this information were critical to the defense, Mr. Mahoney would have gathered it himself while preparing for the original trial date.  The Government also asserts that Defendant has failed to establish a *Brady* violation in the first place.[1]

---

[1] There are three components to a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the government either willfully or inadvertently; and (3) prejudice must have ensued.  *Strickler v. Greene*,

**ORDER DENYING MOTION TO DISMISS INDICTMENT,**
*INTER ALIA* * 6

Defendant has failed to show that the Government's alleged misconduct of withholding this information was either flagrant or prejudicial to his interests in this case. The Court accepts as true the Government's assertion that it made the properly-obtained pen register records available to Defendant when he reviewed discovery in Yakima in August 2005, and his lack of interest in those records, along with the nature of the sealed records, argues strongly for a finding that the mistakenly withheld records are not material to his case. Defendant certainly has not made a showing anywhere close to the level that would mandate a remedy as drastic as dismissal of the indictment. This finding is further supported by the Government's recent provision of the illegally-obtained records to Defendant. Accordingly, this motion is denied. However, Defendant is granted leave to renew his motion for an evidentiary hearing provided he make a showing that the pen register and trap and trace information is such that the Court should hear additional evidence.

**D.    Defendant's Supplemental Demand for Discovery**

Defendant filed a supplemental demand for discovery for evidence including any and all pen register and trap and trace information and evidence sealed by the Government. The Government has provided this evidence to Defendant, so this motion is moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion *in Limine* (Ct. Rec. 88) is **DENIED** with leave to renew in the context of trial.

2. Defendant's Supplemental Motion *in Limine* (Ct. Rec. 89) is **GRANTED in part**, as to the cash seized from Defendant's home, **DENIED in part,** as to the receipts and other evidence of transactions seized from Defendant's customers.

3. Defendant's Motion by Defendant Peter Mahoney to Request and

---

527 U.S. 263, 281-82 (1999).

**ORDER DENYING MOTION TO DISMISS INDICTMENT,**
*INTER ALIA* * 7

Compel an Order Directing the Government to Disclose *Brady/Giglio* Material, Specifically as to Pen Register Information Obtained (Ct. Rec. 112) is **DENIED AS MOOT**.

      4.  Defendant's Supplemental Demand for Discovery (Ct. Rec. 120) is **DENIED AS MOOT.**

      5.  Motion by Peter Mahoney to Dismiss the Indictment for Governmental Misconduct by Failure to Disclose Pen Register Information (Ct. Rec. 121) is **DENIED**.

      6.  Defendant's Motion for Evidentiary Hearing (Ct. Rec. 123) is **DENIED** with leave to renew upon a showing of good cause.

      7.  Defendant's Motion to Expedite (Ct. Rec. 125) is **GRANTED**.

      8.   Defendant Peggy Mahoney's Motion for Joinder in Defendant Peter Mahoney's Motion *in Limine* and Supplemental Motion *in Limine* (Ct. Rec. 41, CR-04-2128-RHW) is **GRANTED**.

      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

      **DATED** this 24th day of April, 2006.


*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2004\Mahoney\Mahoney.penregister.ord.wpd

**ORDER DENYING MOTION TO DISMISS INDICTMENT,**
*INTER ALIA* * 8