1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PETER MAHONEY,

    Defendant.

NO.  CR-04-2127-RHW

**ORDER DENYING MOTION
TO RECONSIDER**

    Before the Court is Defendant's Motion for Reconsideration of Order Denying Motion for Release (Ct. Rec. 217).  This motion was heard without oral argument.  Defendant asks the Court to reconsider its Order Denying Motion for Release (Ct. Rec. 215).  "A motion to reconsider must demonstrate some valid reason why the Court should reconsider its prior decision, and it must set forth facts or law of a strongly convincing nature to induce the Court to reverse itself." *United States v. Walsh*, 873 F. Supp. 334, 337 (D. Ariz. 1994).

    Defendant takes issue with the Court's finding that he has not raised a substantial issue of law or fact in his appeal.  In support, he cites to the Court's comments regarding his appeal rights during Defendant's change of plea hearing.[1]

---

[1] At the hearing, the Court stated the following:

I didn't write *Baker*.  And I've got to follow it, and that's how I interpreted it.  So you people—if this is in error, I'm not trying to be.  But I think you've done a good job in preserving that issue for resolution, because if *Baker* was decided in a vacuum and shouldn't apply to your case, it's there.  It's preserved for appeal.  And if you're

**ORDER DENYING MOTION TO RECONSIDER** * 1

1  The Court's comments during that hearing did not address whether the issues

2  reserved for appeal involving *United States v. Baker*, 63 F.3d 1479 (9th Cir. 1995),

3  were "substantial."  Instead, the Court's comments plainly show that the Court is

4  required to follow *Baker*, and that Defendant successfully preserved the issues he

5  believed were substantial for appeal.  The comments also reflect the Court's

6  judgment, as stated in its Order Denying Motion for Release, that a reversal of

7  *Baker* would likely result in a reversal in the above-captioned matter.

8      Additionally, this Court's denial of Defendant's Motion for Release was not

9  based on Defendant's failure to identify and elaborate on the bases for his appellate

10 arguments; it was based on the Court's judgment that the issues preserved for

11 appeal were not "substantial" under 18 U.S.C. § 3143(b)(1).  Defendant has not set

12 forth any facts or law in the current motion to induce this Court to reverse its prior

13 decision.

14     In support of his motion to reconsider, Defendant also submits a letter from

15 Chief J. Allan, the Chairman of the Coeur d'Alene Tribe, of which he is a member.

16 The Chairman explains that Mr. Mahoney is an important member of the Coeur

17 d'Alene Tribe in that he is the owner of a successful business that provides many

18 much-needed jobs to members of the community and that also serves as an

19 important source of tax revenue for the Tribe.  The Court recognizes that Mr.

20 Mahoney will be greatly missed by his community, Tribe, and family while he is

21 serving his prison sentence, and that his absence will have many unfortunate

22 collateral effects.  However, this is the inevitable, albeit regrettable, result of any

23 term of incarceration.  Should the Court grant Mr. Mahoney's motion for

24 release—a result not supported by the legal standards the Court is required to

25 follow—it would most likely result in a delay, not a commutation, of Mr.

26 _____

27       right, these convictions, in my judgment, would go away.  I think they
         would, because they're all based upon the Contraband Cigarette
28       Trafficking Act.  So—and that's preserved.

(Ct. Rec. 178, at 39:11-19).

**ORDER DENYING MOTION TO RECONSIDER** * 2

Mahoney's incarceration.  While the Court sympathizes with the Chairman and the Tribal Council, it cannot delay Mr. Mahoney's sentence solely on the basis of the effects his absence will have.

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendant's Motion for Reconsideration of Order Denying Motion for Release (Ct. Rec. 217) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to counsel and the U.S. Marshal.

**DATED** this 29th day of November, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2004\Mahoney (Spokane)\Peter Mahoney\reconsider.ord.wpd

**ORDER DENYING MOTION TO RECONSIDER** * 3